IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| JIMMY DAVIS § | |
| § | |
| v. § | Civil No. 2:24-cv-00119-HSO-BWR |
| § | |
| BURL CAIN § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [30] AND GRANTING RESPONDENT'S MOTION [22] TO DISMISS PLAINTIFF'S PETITION [1] WITH PREJUDICE**

This matter comes before the Court on the Report and Recommendation [30] of United States Magistrate Judge Bradley W. Rath, entered in this case on July 7, 2025. The Magistrate Judge recommended that Respondent Burl Cain's Motion to Dismiss [22] be granted, and that Petitioner Jimmy Davis's Petition [1] under 28 U.S.C. § 2254 for Writ of Habeas Corpus be dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d). R & R. [30] at 1. Petitioner has not objected to the Report and Recommendation [30].

After due consideration of the Report and Recommendation [30], the Petition [1], the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [30] should be adopted as the opinion of this Court, that Respondent's Motion to Dismiss [22] should be granted, and that the Petition [1] under 28 U.S.C. § 2254 for Writ of Habeas Corpus should be dismissed with prejudice.

I.  BACKGROUND

On August 5, 2024, Petitioner Jimmy Davis ("Davis" or "Petitioner"), acting pro se, filed his Petition [1] under 28 U.S.C. § 2254 for Writ of Habeas Corpus against Respondent Mississippi Department of Corrections ("MDOC"). *See* Pet. [1] at 1. Magistrate Judge Bradley W. Rath subsequently ordered the removal of MDOC as a respondent and added Burl Cain ("Respondent") as the sole respondent in this case. *See* Order [16] at 1. The Petition [1] arises out of a robbery for which Petitioner was indicted on November 16, 2018. *See* Pet. [1] at 1; *see also* Ex. [22-1] at 1. Petitioner entered a guilty plea on January 28, 2019, *see* Ex. [22-2] at 1, which the state trial court accepted, *see* Ex. [22-3] at 1. Davis was sentenced to serve a term of thirteen years in the custody of MDOC. *See* Ex. [22-3] at 1. The Petition [1] asserts that Davis suffered ineffective assistance of counsel when he entered his guilty plea. *See* Pet. [1] at 1-2.

On July 7, 2025, the Magistrate Judge entered a Report and Recommendation [30], finding that the Petition [1] was filed four years outside the limitations period and that Petitioner was not entitled to statutory or equitable tolling. *See* R & R [30] at 5-6. The Magistrate Judge concluded that Petitioner's conviction and sentence became final on May 16, 2019. R & R [30] at 5. Under 28 U.S.C. § 2244(d)(1), Petitioner had until May 18, 2020, to file a timely § 2254 Petition, absent statutory or equitable tolling. *Id.* The Magistrate Judge further determined that Petitioner was not entitled to statutory tolling because "he never 'properly filed' a state habeas application during the limitations period," *id.* at 5-6

(quoting *Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022)), and he was not entitled to equitable tolling because Peititoner's situation was "not among those rare and exceptional circumstances in which equitable tolling is warranted," *id.* The Magistrate Judge recommended that Respondent's Motion to Dismiss [22] be granted and that the Petition [1] be dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d). *Id.* at 7.  On July 7, 2025, the Report and Recommendation [30] was mailed to Petitioner at his last known mailing address.  Petitioner has not filed any objection to the Report and Recommendation [30], and the 14-day period for doing so has passed.  *See* L.U. Civ. R. 72(a)(3); *see also* 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

Where no party has objected to a magistrate judge's proposed findings of fact and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").  In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).  Having conducted this required review, the Court concludes that the Report and Recommendation [30] is neither clearly erroneous nor contrary to law.  The Court will adopt the Magistrate Judge's Report and Recommendation [30] as the opinion of this Court, grant Respondent's Motion [22] to Dismiss, and dismiss the Petition [1] with prejudice as time-barred.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Magistrate Judge's Report and Recommendation [30] entered in this case on July 7, 2025, is **ADOPTED** as the opinion of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent Burl Cain's Motion [22] to Dismiss is **GRANTED**, and Petitioner Jimmy Davis's Petition [1] under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE**. The Court will enter a separate Final Judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 13th day of August, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE